NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER HUGHES and<br>WENDY HUGHES,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RARITAN CENTRAL RAILWAY and/or<br>ABC CORPS. #1 to #10 (fictitious names)<br>and/or JOHN DOES #1 to #10 (fictitious<br>names) and/or DEF CORPS. #1 to #10<br>(fictitious names) and/or RICHARD ROES<br>#1 to #10 (fictitious names),<br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Harold A. Ackerman<br><br>Civil Action No. 06-3665 (HAA)<br><br>**OPINION AND ORDER** |

**ACKERMAN, Senior District Judge:**

　　This matter comes before the Court on the motion of Plaintiffs to remand this case back to the Superior Court of New Jersey, Middlesex County, Law Division.  Plaintiffs filed their Complaint in Superior Court on July 30, 2004.  The Complaint asserts claims under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, for injuries allegedly suffered by Plaintiff Christopher Hughes during his employment by Defendant Raritan Central Railway.  Defendant removed this action to this Court on August 4, 2006 on the basis of federal question jurisdiction because the Complaint asserts federal claims under FELA.

　　FELA provides for concurrent jurisdiction of the United States District Courts and state courts over actions brought under FELA.  45 U.S.C. § 56.  If a plaintiff files such an action in

state court, however, the United States Code bars removal of that matter to federal court:

> A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States.

45 U.S.C. § 1445(a); *see also, e.g.*, *Andricola v. National R.R. Passenger Corp.*, 745 F. Supp. 311, 312-13 (E.D. Pa. 1990).

Plaintiffs' Complaint raises claims exclusively under FELA. Section 1445(a) clearly bars removal of this action from state court to a federal district court. Perhaps recognizing the futility of litigating this action in this Court, Defendant has not filed any opposition to Plaintiffs' motion to remand. This Court will remand this matter to the Superior Court of New Jersey.

### *Conclusion*

For the foregoing reasons, Plaintiffs' motion to remand is hereby GRANTED. This matter is hereby REMANDED to the Superior Court of New Jersey, Middlesex County, Law Division.

Newark, New Jersey
Dated: October 3, 2006

/s Harold A. Ackerman
U.S.D.J.